IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES SULTAN, #A-93755, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-CV-0911-MJR |
| | ) |
| ADRIAN FEINERMAN, JAMES SLEDGE, STATE OF ILLINOIS, S. GODINEZ, ROGER WALKER, JR., MICHAEL PUISIS, JOHN DOE #1, D. REDNOUR, LEE RYKER, GINA ALLEN, WEXFORD HEALTH SERVICES, L. SHICKER, DR. FENOGLIO, CHRISTINE BROWN, C/0 HORMAN, C/O COFFEY and DONALD HULICK, | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Charles Sultan, previously incarcerated in Menard Correctional Center and currently incarcerated in Lawrence Correctional Center, brings suit for constitutional deprivations that occurred at both facilities.[1] In a nutshell, Plaintiff alleges that the soy in his diet is making

---

[1] The Court will direct the Clerk of Court to add the following Defendants to the docket sheet: John Doe #1 (Food Services Administrator), D. Rednour (Warden, Menard Correctional Center), Lee Ryker (Warden, Lawrence Correctional Center), Gina Allen (Administrative Review Board member), Wexford Health Services, L. Shicker (Regional Administrator, Wexford), C/O Horman, C/O Coffey and Donald A. Hulick (Chief Administrative Officer).

1

him sick. Plaintiff seeks compensatory damages and injunctive relief. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted...."

Plaintiff alleges that at both Menard and Lawrence, the food served to him caused (among other things):

> discolored feces, heart health, helicobacter pylori organisms, gastritis [inflammation], bleeding ulcers, skin rashes, [diarrhea], abdominal pain, blood in bowel movement, brain fog, pain in digestive tract, fluctuation of weight, irritable bowel syndrome, fatigue, vomiting, pain after eating, severe constipation from time to time.

Plaintiff attributes his sickness to the soy in the food. He alleges that all Defendants have denied him any permanent alternative diet, and he has not received adequate and necessary medical care from any Defendant. Plaintiff claims that his symptoms have been ignored and misdiagnosed.

Deliberate indifference to a serious medical need violates a prisoner's right under the Eighth Amendment to be free from cruel and unusual punishment. **Cotts v. Osafo, 2012 WL 3240667, at \*2 (7th Cir. August 10, 2012), *citing Estelle v. Gamble,* 429 U.S. 97, 104 (1976).** Plaintiff must allege a medical condition that is "objectively, sufficiently serious"; that is, "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive

2

the need for a doctor's attention." ***Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005) (citations omitted)**. Additionally, Plaintiff must allege the subjective component; that is, officials knew of and disregarded an excessive risk to his health. ***Id. citing Farmer v. Brennan,* 511 U.S. 825, 837 (1994) (official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "must also draw the inference").**

The Court concludes that Plaintiff states an arguable Eighth Amendment claim for deliberate indifference to his serious medical needs. Whether soy is to blame for his sickness must await a more developed record. The question at this juncture is against which Defendants this claim may be brought.

The claim will proceed against those with control over the Illinois Department of Corrections' master menu or control over whether Plaintiff should be prescribed a soy-free diet: Dr. Feinerman, Dr. Fenoglio, Christine Brown, IDOC Medical Director Michael Puisis, John Doe #1 (food services administrator), IDOC Director S. Godinez, Central Management Services Director James Sledge, Wexford Health Services and Wexford Regional Administrator L. Schicker.

No plausible inference of personal responsibility arises against Roger Walker, who is simply identified as the former director of the IDOC

with no allegations brought against him.  He is **DISMISSED** with prejudice as a Defendant herein.

The State of Illinois is also **DISMISSED** with prejudice because the Eleventh Amendment prohibits an individual from suing a state in federal court.  ***Sanders v. Sheahan,*** 198 F.3d 626, 630 (7th Cir. 1999).

Plaintiff also claims that Defendants Horman and Coffey placed him in segregation in retaliation for assisting other inmates in filing grievances, exhausting remedies and writing letters to the Court complaining about soy in their diet.  Although not completely clear, it seems this claim is also raised against Rednour, Ryker, Allen and Hulick. Plaintiff asserts that Rednour and Ryker are responsible for decisions regarding segregation at Menard and Lawrence, respectively.  Plaintiff claims that Allen, as an Administrative Review Board member, is responsible for investigating claims made in grievances, and Hulick, as chief administrative officer, denied his grievance against Horman and Coffey.

Essentially, Plaintiff complains that he was retaliated against and placed in segregation for acting as a jail-house lawyer with respect to soy diet claims.  Courts have recognized such claims as viable under the First Amendment.  ***See Bridges v. Gilbert,*** **557 F.3d 541, 554 (7th Cir. 2009) (citation omitted) ("If a prisoner is transferred for exercising his own right of access to the courts, or for assisting others in exercising their right of access to the courts, he has a claim under §**

4

1983."); *see also L'Heureux v. Ashton*, 1996 WL 55707, at *1 (1st Cir. 1996) (collecting cases). So, Plaintiff's allegations that Defendants Horman and Coffey retaliated against him for his activities as a jail-house lawyer sufficiently implicate the First Amendment to survive threshold review.

Plaintiff's claims against Rednour, Ryker, Allen and Hulick must be dismissed with prejudice for lack of personal responsibility for the alleged retaliation. Additionally, as to Allen and Hulick, Plaintiff fails to state a claim because "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform

5

Act.  *George,* **507 F.3d at 607,** *citing* **28 U.S.C. § 1915(b), (g)**. Plaintiff's complaint contains two unrelated claims against different Defendants:  an Eighth Amendment claim of deliberate indifference to medical needs against Feinerman, Fenoglio, Brown, Puisis, John Doe #1, Godinez, Sledge, Wexford Health Services and Schicker (Count 1) and a First Amendment claim for retaliation for acting as a jail-house lawyer against Horman and Coffey (Count 2).  Plaintiff seeks compensatory damages and injunctive relief as to Count 1.[2]  He seeks only compensatory damages as to Count 2.

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court **SEVERS** Count 2 of Plaintiff's complaint and **DIRECTS** the Clerk to open a new case with a newly-assigned case number for that case.  The Court further directs the Clerk to add to the docket of the newly-opened case a copy of Plaintiff's complaint, the IFP application from this case and a copy of this order.  If for any reason, Plaintiff does not wish to proceed either with this case or with the newly-opened case, he must notify the Court within 30 days.  Unless Plaintiff notifies the Court that he does not wish to pursue one of these actions, he will be responsible for a separate filing fee in each case.

---

[2]The Court leaves for another day – and a fuller record – the question of whether Plaintiff's request for injunctive relief specific to Menard is moot.  Because Plaintiff is no longer an inmate at Menard, his prayer for injunctive relief would be moot unless he can show "a realistic possibility that he will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains here."  ***Maddox v. Love,* 655 F.3d 709, 716 (7th Cir. 2011),** *citing Ortiz v. Downey,* **561 F.3d 664, 668 (7th Cir. 2009).**

The Court **DIRECTS** the Clerk of Court to add the following Defendants to the docket sheet: John Doe #1 (Food Services Administrator), D. Rednour (Warden, Menard Correctional Center), Lee Ryker (Warden, Lawrence Correctional Center), Gina Allen (Administrative Review Board member), Wexford Health Services, L. Shicker (Regional Administrator, Wexford), C/O Horman, C/O Coffey and Donald A. Hulick (Chief Administrative Officer).

**Pending motion**

Plaintiff moves for the third time for appointment of counsel (Doc. 10). There is no constitutional or statutory right to appointment of counsel in federal civil cases. ***Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010).** Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist *pro se* litigants. ***Id.*** When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself **[.]**" ***Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)**. Previously, appointment of counsel was denied because Plaintiff had not shown that he attempted to obtain counsel. Now, Plaintiff has attached copies of letters from the Illinois State Bar Association and five law firms, evidencing that he has made an effort to obtain counsel on his own. The pleadings and motion filed by

7

Plaintiff indicate, however, that he is quite competent to prosecute this action without assistance of counsel, at least at present. The Court will deny Plaintiff's motion (Doc. 10) without prejudice to his filing a motion for appointment of counsel at a later stage in the litigation.

## Disposition

Defendants State of Illinois, Walker, Rednour, Ryker, Allen and Hulick are **DISMISSED** from this action with prejudice. Count 2 is severed into a separate action, for which the Clerk shall open a new case. Defendants in the instant action for deliberate indifference to serious medical needs are Feinerman, Fenoglio, Brown, Puisis, John Doe #1, Godinez, Sledge, Wexford Health Services and Schicker. In the new case, addressing Plaintiff's retaliation claim, the Defendants are C/O Horman and C/O Coffey. Plaintiff shall notify the Court by **September 18, 2012**, if he does not wish to proceed on either case. At that time, the Court will order service of process on Defendants. The Court **DENIES** Plaintiff's motion for appointment of counsel (Doc. 10) without prejudice.

IT IS SO ORDERED.

DATED this 21st day of August, 2012

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge